IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 2:25-CR-0013-JRG-RSP |
| JEREMY LEE WILSON | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 25, 2025, the undersigned held a final hearing on the Government's petition (#4) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Luther Lynn Williams, was represented by Craig Bass.

Jeremy Lee Wilson was sentenced on September 3, 2014, before The Honorable Thomas B. Russell of the Western District of Kentucky after pleading guilty to the offense(s) of Felon in Possession of Firearms (Count 1), a Class A felony; and to Possession of Concealment of Stolen Firearms (Count 2) and Theft of Firearms, Shipped or Transported in Interstate Commerce, From a Person Licensed to Deal in Firearms (Count 3), Class C felonies. These offenses carried a statutory maximum imprisonment term of 15 years for Count 1, and 10 years for both Counts 2 and 3. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. The Court departed from the proposed guideline range, on the basis of a 5K1.1 government motion based on the defendant's substantial assistance. Therefore, Jeremy Lee Wilson was subsequently sentenced to 156 months as to Count 1, and 120 months to Counts 2 and 3, ordered to run concurrently subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment,

mental health treatment, and a $100.00 special assessment. On January 17, 2025, Jeremy Lee Wilson completed his period of imprisonment and began service of the supervision term.

On December 12, 2023, the sentencing Court for the Western District of Kentucky modified Mr. Wilson's conditions of Supervised Release in reflect the mental health condition recognized by the Eastern District of Texas.

On August 15, 2025, jurisdiction of Mr. Wilson's case was transferred from the Western District of Kentucky to the Eastern District of Texas.

On September 17, 2025, Mr. Wilson's conditions of supervised release were modified to include a 180-day placement in the Residential Reentry Center in a pre-release component, at a time arranged by the U.S. Probation Office.

1) <u>Mandatory:</u> The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.  Specifically, the Government alleges as follows: On July 28, 2025, Mr. Wilson submitted a positive urine specimen for methamphetamine. Wilson admitted both verbally and in writing to consuming said substance the week prior.  On September 19, 2025, and September 23, 2025, Mr. Wilson submitted a urine specimen confirmed positive for methamphetamine.

2) <u>Standard:</u>  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.  Specifically, the Government alleges that on July 28, 2025, Mr. Wilson admitted to being in the presence of others engaging in the possession and use of methamphetamine.

3) <u>Special</u>:   The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the Probation Office's cost of services rendered based upon his ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.  Specifically, the Government alleges that on July 25, 2025, while at the Drug and Alcohol Testing Compliance Services (DATCS), Mr. Wilson failed to follow the rules of the random drug testing program and provide a urine specimen during the allotted time issued to him.  On October 13, 2025, Mr. Wilson failed to submit to a urinalysis screening as instructed.

The Court scheduled a final revocation hearing for November 25, 2025.  At the hearing on the Government's petition, the undersigned found that the Defendant did violate conditions of his supervised release as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eighteen (18) months, followed by twenty-four (24) months of supervised release with the condition that the first six (6) months of that release be in a halfway house.  All previously ordered conditions of release should be imposed on that supervised release.  The Court recommends service of sentence at FCI Texarkana.  Based on the foregoing, it is

**RECOMMENDED** that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.  It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, followed by twenty-four (24)

months of supervised release with the condition that the first six (6) months of that release be in a halfway house. All previously ordered conditions of release shall be imposed on that supervised release. The Court recommended service of sentence at FCI Texarkana.

At the close of the November 25, 2025, final revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form Consent and Waiver of Right waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 1st day of December, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE